**STATE OF WEST VIRGINIA**

**FILED**

**April 15, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Danny Baker,**
**Petitioner Below, Petitioner**

**vs) No. 15-0588** (Mercer County 15-C-12)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent.**

## MEMORANDUM DECISION

Petitioner Danny Baker, pro se, appeals the May 13, 2015, order of the Circuit Court of Mercer County denying his petition for writ of habeas corpus. Respondent David Ballard, Warden, Mount Olive Correctional Complex, by counsel Laura Young, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted for the first degree murder of his neighbor. Following a hearing, petitioner was found competent to stand trial. At trial, petitioner presented an insanity defense and his trial counsel "called several witnesses, both expert and lay, to testify in support of [petitioner]'s insanity plea." *State v. Baker*, 180 W.Va. 233, 235, 376 S.E.2d 127, 129 (1988). A jury found petitioner guilty of first degree murder on September 17, 1986, and did not make a recommendation of mercy. Accordingly, the circuit court sentenced petitioner to a life term of incarceration without the possibility of parole. In *Baker*, we affirmed petitioner's conviction. 180 W.Va. at 240, 376 S.E.2d at 134.

Subsequently, petitioner filed five petitions for writ of habeas corpus including the instant petition. The circuit court denied petitioner's first four habeas petitions. In Nos. 92-CV-836 and

1

04-C-302, petitioner had representation of counsel. In No. 92-CV-836, petitioner was afforded an omnibus habeas corpus hearing on June 25, 1993. At the June 25, 1993, hearing, trial counsel were subjected to extensive examination by petitioner's habeas counsel as well as by respondent's counsel and the circuit court.[1]

In the instant case, No. 15-C-12, petitioner alleged (1) ineffective assistance of counsel in his criminal and prior habeas proceedings; and (2) that the cumulative effect of counsel's errors denied him fundamental justice. In denying the petition in this case, the circuit court first determined that the doctrine of res judicata barred petitioner from raising ineffective assistance of counsel in his criminal proceeding because that issue was fully and finally adjudicated in No. 92-CV-836. Next, the circuit court found that habeas counsel was not ineffective in either No. 92-CV-836 or No. 04-C-302. In No. 92-CV-836, the transcript of the June 25, 1993, hearing reflected that habeas counsel "unrelentingly . . . prob[ed] into [the] decisions, strategies, actions[,] and inactions of [petitioner]'s defense counsel." The circuit court concluded that habeas counsel's representation of petitioner in No. 92-CV-836 demonstrated "tenacity and skill." In No. 04-C-302, the circuit court determined that that habeas attorney was only able to argue that No. 92-CV-836 was wrongly decided because all of petitioner's issues had been fully and finally adjudicated in the prior case.[2] The circuit court found that habeas counsel in No. 04-C-302 "made the only argument he could" and that "[counsel]'s representation of [petitioner] was not deficient." The circuit court concluded that even if counsel was ineffective, it would not have changed the result in No. 04-C-302 because the denial of habeas relief in No. 92-CV-836 was conclusive pursuant to the doctrine of res judicata. Finally, the circuit court rejected petitioner's cumulative error argument as nothing more than "a last-ditch effort" to breathe life into his ineffective assistance claims.

Petitioner now appeals the circuit court's May 13, 2015, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

---

[1]Neither party requested that the transcript of the June 25, 1993, habeas corpus hearing as part of the record on appeal. Therefore, by an order entered March 24, 2016, we acted on our own motion and supplemented the record with that transcript pursuant to Rule 6(b) of the West Virginia Rules of Appellate Procedure.

[2]The circuit court noted that all claims raised in No. 92-CV-836 "fell within the umbrella of ineffective assistance of counsel." (Footnote omitted.)

On appeal, petitioner first challenges the circuit court's determination that the doctrine of res judicata barred petitioner from raising ineffective assistance of counsel in his criminal proceeding. Respondent counters that the circuit court correctly determined that ineffective assistance of trial counsel was previously and finally adjudicated. In Syllabus Point 2 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), we held, as follows:

> A judgment denying relief in post-conviction habeas corpus is res judicata on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared pro se having knowingly and intelligently waived his right to counsel.

Petitioner was afforded an omnibus habeas hearing on June 25, 1993, at which trial counsel were subjected to extensive examination by petitioner's habeas counsel as well as by respondent's counsel and the circuit court. Having reviewed the transcript of the June 25, 1993, hearing, we conclude that the circuit court did not err in determining that its denial of habeas relief in No. 92-CV-836 following the June 25, 1993, hearing was conclusive as to the issue of ineffective assistance of trial counsel.

Second, petitioner contends that habeas counsel were ineffective in not conducting an adequate investigation as to whether trial counsel sufficiently raised the issue of petitioner's mental competency.[3] Respondent counters that habeas counsel in both Nos. 92-CV-836 and 04-C-302 provided effective assistance. In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Based upon our review of the June 25, 1993, hearing transcript, we determine that the circuit court did not clearly err in finding that habeas counsel in No. 92-CV-836 demonstrated "tenacity and skill" in probing into the decisions, strategies, actions, and inactions of trial counsel. Such a thorough examination evidences that habeas counsel adequately investigated whether trial counsel sufficiently raised the issue of petitioner's mental competency. Therefore, we conclude that the circuit court did not clearly err in finding that habeas counsel in No. 92-CV-836 provided effective assistance.

As to counsel's performance in No. 04-C-302, we agree with the circuit court that the application of the doctrine of res judicata greatly limited the arguments that that habeas counsel could make on petitioner's behalf. Given those limitations, we determine that the circuit court did not clearly err in finding that "[counsel]'s representation of [petitioner] was not deficient." We

---

[3]Pursuant to Syllabus Point 4 of *Losh*, ineffective assistance of habeas counsel constitutes one of the few issues that may be raised in a successive petition. 166 W.Va. at 762-63, 277 S.E.2d at 608.

further determine that even if counsel was ineffective, it would not have changed the result in No. 04-C-302 because the denial of habeas relief in No. 92-CV-836 was conclusive pursuant to Syllabus Point 2 of *Losh*. Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's fifth habeas petition.

For the foregoing reasons, we affirm the circuit court's May 13, 2015, order denying petitioner's petition for writ of habeas corpus.

Affirmed.

**ISSUED: April 15, 2016**


**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4